DEPARTMENT OF VOCATIONAL AND TECHNICAL EDUCATION — WORKMANS' COMPENSATION AND OTHER INSURANCE The State Department of Vocational and Technical Education may legally provide workman's compensation insurance for its employees, however, the Department is authorized to exercise discretion in determining which employees are engaged in "hazardous work", and therefore, qualified for coverage under the terms of the Workman's Compensation Law, 85 O.S. 2 [85-2](b) (1970). The Department of Vocational and Technical Education does have adequate authority to purchase liability on motorized vehicles pursuant to the terms of 47 O.S. 158.1 [47-158.1] (1970). Where Federal funds are provided and directed for the purpose of paying accident insurance premiums and routine medical expenses for trainees engaged in Department programs, the Department may legally expend the Federal funds for such purposes, but where specific State authority cannot be found, such monies cannot be expended for such purposes. The Attorney General has considered your letter in which you have asked several questions regarding the authority of the State Department of Vocational and Technical Education to make expenditures for the purchase of diverse insurance coverage. In particular you ask the following questions: "1. In view of the current state insurance program which provides health and accident insurance and group life insurance for all state employees, may the State Department of Vocational and Technical Education legally provide workmen's compensation insurance for its employees? "2. If the answer to the first question is in the affirmative, may the Department select the employees who will be provided workmen's compensation insurance coverage, such as those in positions which are considered dangerous or hazardous, or must all employees of the Department be provided coverage." "3. Does the Department of Vocational and Technical Education have the authority to carry liability insurance on trucks, pickups, vans and automobiles owned by the Department and to pay the cost of such premiums from state and federal funds? "4. May the Department of Vocational and Technical Education legally expend state of federal funds to provide accident insurance for student trainees in training programs conducted by the Department? "5. May the Department of Vocational and Technical Education legally expend state or federal funds to provide routine medical services for student trainees in training programs conducted by this Department?" The state insurance program to which you refer in questions 1 and 2 was established in 1967 and as amended appears in Title 74 O.S. 1301 [74-1301] (1970) et seq. "The State Employees Group Health and Life Insurance Act" provides for a uniform plan of accident and health and life insurance coverage for all employees of the State of Oklahoma. It does not, however, have any direct bearing upon the question of workmen's compensation coverage, a subject covered by 85 O.S. 1 [85-1] (1970) et. seq., the "Workmen's Compensation Law". Title 85 O.S. 2 [85-2] (1970) which undertakes to define those employees within the scope of the law provides in part: "Compensation provided for in this Act shall be payable for injuries sustained by employees engaged in the following hazardous employment. . ." (Emphasis added) This section continues by enumerating all of the activities for which compensation will be paid under the provisions of the law. "Coverage for certain State employees" under this law is particularly enumerated in 85 O.S. 2 [85-2](b) (1970) which states: "All departments and institutions of this State are hereby authorized in their discretion to carry Workmen's Compensation Insurance on their employees engaged in work which would be a "hazardous occupation" within the meaning of the Workmen's Compensation Act if carried on by a private employer as a business for profit, even though, as carried on by such department or institution, such otherwise hazardous work is being performed as a mere incident to the performance of a State Function which is not, in itself, a 'hazardous occupation' within the meaning of Workmen's Compensation Act. Such insurance to be carried with the State Insurance Fund, and shall be paid for out of the funds of such Department or Institution. Such policy shall be filed in the Office of the Secretary of State as a public record." The inclusion of state employees under the law is again specifically mentioned in 85 O.S. 3 [85-3] (1970) which defines "Employer" as follows in part: " 'Employer', except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment, and shall include the State, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages. . . " (Emphasis added) It thus appears clear that your first question must be answered in the affirmative. The State Department of Vocational and Technical Education may legally provide workmen's compensation insurance for its employees. It is also clear, in response to your second question, I that the Department need not provide such coverage for all its employees. The Department is authorized by 85 O.S. 2 [85-2] (1970) (b), supra, to exercise its discretion in determining whether to carry such insurance on its employees, but this only applies to such employees as are engaged in "hazardous work" as delineated in 85 O.S. 2 [85-2] (1970). It should also be noted that any workmen's compensation insurance coverage provided by the Department must be carried with the State Insurance Fund in accordance with 85 O.S. 2 [85-2](b) (1970), supra, and 85 O.S. 149 [85-149] (1970) which states in part: "The State and all departments thereof must insure against their liability for compensation with the State Insurance Fund. . ." In question 3 you also ask the following question regarding liability insurance coverage: "3. Does the Department of Vocational and Technical Education have the authority to carry liability insurance on trucks, pickups, vans and automobiles owned by the Department and to pay the cost of such premiums from state and federal funds?" Under authority of 14-106 A. of the 1971 School Code the Department of Vocational and Technical Education is authorized to acquire, operate and maintain motorized vehicles. That section states, to-wit: ". . .operate and maintain an equipment pool at which there shall be kept equipment for the use of area school districts and vocational and technical schools supported by public funds, and said department and schools shall be eligible for surplus property and equipment. " In answer to your question we cite 47 O.S. 158.1 [47-158.1] (1970), which provides: "The State Board of Public Affairs, the State Department of Health, the State Department of Public Safety, Department of Mental Health, Oklahoma State Reformatory, Department of Corrections, the Oklahoma State Penitentiary and all other State departments and agencies not otherwise specifically authorized by law, are hereby authorized to carry insurance on vehicles, motorized machinery or equipment owned and operated by the said department or agency included herein, such insurance to be of the following kinds and not to exceed the following amounts." In view of these sections, the Department of Vocational and Technical Education may, therefore, carry liability insurance as it is specifically authorized to do so under the terms of 158.1, supra. In questions 4 and 5 you make the following inquiries concerning insurance coverage for trainees in Department programs: "4. May the Department of Vocational and Technical Education legally expend state or federal funds to provide accident insurance for student trainees in training programs conducted by the Department? "5. May the Department of Vocational and Technical Education legally expend state or federal funds to provide routine medical services for student trainees in training programs conducted by this Department?" The disposition of federal funds, as might be expected, is controlled by federal statutes. In view of the limited information available to this office concerning the individual programs, it is difficult to determine how such funds may be expended. It would appear, however, that where federal funds are provided specifically for the purpose of paying the accident insurance premiums and medical expenses for trainees, the Department of Vocational and Technical Education may legally expend them for such purposes. On the other hand, State funds appropriated to this Department may only be expended for authorized purposes. We find no section of the statutes authorizing the Department of Vocational and Technical Education to pay the premiums on accident insurance or other routine medical expenses for trainees engaged in Department programs. Therefore, State funds may not legally be expended for such purposes. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Your first question should be answered in the affirmative. The State Department of Vocational and Technical Education may legally provide workman's compensation insurance for its employees, providing such insurance is purchased from the State Insurance Fund. With regard to your second question, the Department need not provide such coverage for all its employees, although the Department is authorized by the provisions of 85 O.S. 2 [85-2](b) (1970), supra, to exercise discretion in determining whether such employees are engaged in "hazardous work" and therefore, qualified for coverage under the Workman's Compensation Law. Your third question should be answered in the affirmative. More particularly, the Department of Vocational and Technical Education does have adequate authority to purchase liability insurance on all motorized vehicles owned and operated by the Department, pursuant to the terms of 47 O.S. 158.1 [47-158.1] (1970), supra. In answer to questions 4 and 5, it is the opinion of the Attorney General, that where federal funds are provided and directed for the purpose of paying accident insurance premiums and routine medical expenses for trainees engaged in Department programs, the Department may legally expend those funds for such purposes. It would appear, however, that State monies cannot be expended for such purposes, because there is no direct authority authorizing the Department to pay such premiums or medical expenses. (Michael D. Tinney) ** SEE: OPINION NO. 73-163 (1973) **